UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

YASIN MAHDI,

        Plaintiff,

v.                                      Case No. 25-cv-869-pp

THE CBE GROUP, INC.,

        Defendant.

---

**ORDER CONSTRUING PLAINTIFF'S STIPULATION FOR DISMISSAL WITH PREJUDICE AS NOTICE OF VOLUNTARY DISMISSAL (DKT. NO. 3) AND DISMISSING CASE**

---

On June 17, 2025, the plaintiff—who is self-represented—filed a complaint against defendant The CBE Group, Inc., alleging violations of the Fair Debt Collection Practices Act. Dkt. No. 1.

Just over three months later, the court received from the plaintiff a document captioned "Stipulation for Dismissal with Prejudice." Dkt. No. 3. The body of the document states, "IT IS HEREBY STIPULATED AND AGREEED by and between [the plaintiff], pro se, and Defendant CBE GROUP), Inc., by its attorneys, that Plaintiff's claims be dismissed with prejudice and without cost to either party." Id. The "stipulation" is signed only by the plaintiff. Id.

The court suspects that the plaintiff is not a lawyer, and therefore may not understand that this document is not a "stipulation." A "stipulation" is an agreement between two or more parties, and must be *signed by* all the parties

1

to the agreement. Neither the defendant nor any attorney for the defendant signed the "stipulation."

It appears that what the plaintiff was trying to do in filing the "stipulation" was to ask the court to dismiss the lawsuit. Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer." The plaintiff does not appear to have served the defendant with the complaint and the defendant has not filed an answer, so under Rule 41(a)(1)(A)(i), the plaintiff could have simply filed a notice of dismissal and the court would have dismissed the case.

The court will construe the plaintiff's "stipulation" as a notice of dismissal under Rule 41(a)(1)(A)(i). See Smither v. Potter, 513 F.3d 781, 783 (7th Cir. 2008) (finding that a "motion to voluntarily dismiss the plaintiff's complaint" was a Rule 41(a)(1) notice of dismissal despite its title). Although a Rule 41(a)(1) notice of dismissal is self-executing, United States v. UCB, Inc., 970 F.3d 835, 849 (7th Cir. 2020), for clarity's sake the court nonetheless issues this order of dismissal. And because the "stipulation" specifies that the plaintiff wishes the claims in the June 17, 2025 complaint to "be dismissed with prejudice[,]" dkt. no. 3, the court will order the case to be dismissed with prejudice.

The court **DIRECTS** the clerk's office to update the docket to reflect that the document at Dkt. No. 3 is a notice of voluntary dismissal.

2

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 41(a)(1)(A)(i), with no costs to any party.

Dated in Milwaukee, Wisconsin this 9th day of October, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**